LUBY v. THE C., R. I. & P. R. Co.

1. **Pleading**: SUFFICIENCY: CONTRIBUTORY NEGLIGENCE. The averments of a petition to recover for personal injuries considered and held not to show contributory negligence.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 25.

ACTION to recover for personal injuries sustained by the plaintiff's intestate, one John Luby. The petition shows that the deceased had been at work, with other laborers of the defendant, upon its road not far from the city of Des Moines, where they resided; that at the end of their day's work they

were about to return to the city, and that the defendant undertook to carry them to the city upon a train consisting of flat cars and caboose, and negligently caused the deceased to be thrown from the cars and killed. The question in the case arises upon the sufficiency of the petition. The language of the averments upon which the question arises is: "that late in the afternoon of said day the said John Luby and the other laborers were ordered and required, by the agent and servant of the defendant in charge of the train and laborers, to mount the flat cars and pass therefrom into the caboose for the purpose of returning to Des Moines, to which point it was the duty of the defendant to safely carry them; that before said Luby and other laborers had time to pass from the flat cars to the caboose, as they were ordered and required to do, the employes of the defendant in charge of the train, without proper regard to the safety of the laborers, negligently caused the train to start, whereby the said Luby while attempting to pass from the flat cars into the caboose, in the line of his duty, in obedience to the orders and requirements aforesaid, and in the exercise of care and diligence and without fault on his part, was thrown from the cars and thereby instantly killed."

To the petition the defendant filed a demurrer in the following words:

"1st. Said petition shows that plaintiff's intestate was guilty of contributory negligence in this, that he was passing over said train while in motion without showing any necessity therefor.

2d. Said petition shows said intestate to have been engaged in a dangerous movement without there being any necessity or emergency therefor."

The court sustained the demurrer, and the plaintiff electing to stand by her petition judgment was rendered against her for costs, and she appeals.

*Maxwell & Witter* and *Bryan & Bryan*, for appellant.

*Wright, Gatch & Wright,* for appellee.

ADAMS, J.—The petition avers that Luby was thrown from the cars and killed, while he was in the exercise of due care and

diligence, and without any fault on his part. This averment, standing by itself, would be sufficient in respect to Luby's freedom from contributory negligence. But the defendant claims that this averment cannot avail the plaintiff, if the petition in its more specific statements in regard to the manner of the accident shows that Luby was not free from contributory negligence, and the defendant claims that the petition does so show.

We might concede the defendant's claim in regard to the rule of construction, but as to what the petition in its more specific statement shows we have to say that we think that the defendant's position cannot be maintained.

The defendant contends that the facts are, as shown by the petition, that Luby undertook to pass from the flat cars to the caboose *after the train had been put in motion*, and was thrown off by reason of the motion of the cars while making such attempt.

Whether we could declare as a matter of law that Luby was guilty of contributory negligence, if such were the facts, and he was obeying the orders of a superior, as the petition avers, we need not determine. The petition, we think, is not susceptible of the meaning which the defendant puts upon it. The averment is that the defendant negligently caused the train to start *whereby* the said Luby  *  *  *  * was thrown, etc. If the fact was that Luby mounted the flat cars, and the train started while he was still upon the flat cars, and he, notwithstanding it had started, proceeded voluntarily in his movement toward the caboose, and was thrown off merely because he was walking upon a moving train, then he was not thrown off by the *starting* of the train as averred. He was thrown off by something which occurred subsequent to the starting. We do not see how the plaintiff could have used more apt words to preclude the idea that Luby was thrown off by walking voluntarily upon a moving train.

In our opinion the demurrer should have been overruled.

REVERSED.